## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br>SKEIM RAY,<br>aka Ray Skeim,<br>DOB: 05/15/2000<br><br>Defendant. | CRIMINAL CASE NO. CF0351-18<br>GPD Police Report No.: 18-16021/18-16022<br><br>**DECISION AND ORDER**<br>*Re: People's Motion to Revoke Defendant's*<br>*Probation and Impose Jail Sentence* |

This matter came before the Honorable Arthur R. Barcinas on March 6, 2025, for a hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"). Defendant Skeim Ray ("Defendant") was present with Assistant Public Defender William Bischoff, and no counsel appeared for the People of Guam ("the People"). Upon consideration of the briefing and the record, the Court **GRANTS** the Motion to Revoke.

## BACKGROUND

On September 25, 2019, Defendant pled guilty to one count of ATTEMPTED BURGLARY (As a 2nd Degree Felony), and one count of AGGRAVATED ASSAULT (As a 3rd Degree Felony) via INFORMATION. He was adjudged accordingly on the same date. As part of his plea agreement, Defendant was sentenced to five (5) years of incarceration at the Department of Corrections ("DOC"), all but one (1) year suspended, with credit for time served, and three (3) years supervised probation with the Adult Probation Services Division ("Probation"). Defendant was further sentenced to remain on house arrest for twelve (12) months,

with a school exception and the caveat that if Defendant drops out of school during his probationary term, he would have to serve one (1) year incarceration. Defendant was further ordered to perform two hundred (200) hours of community service and pay a fine of One Thousand dollars ($1,000.00), plus Eighty dollars ($80.00) court costs, with all or part of the fine convertible to community service, as well as restitution to the victims. The conditions of the plea agreement stated, *inter alia,* that Defendant was required to report to Probation monthly, re-enroll at Tiyan High School or any other Guam school, check in at the Client Services and Family Counseling Division ("CSFC") for intake and assessment, check in at New Beginnings for a drug and alcohol assessment, refrain from possessing or consuming alcohol, and obey all federal and local laws of Guam.

On March 9, 2020, Probation filed the First Violation Report, stating that Defendant had failed to report to Probation since November 6, 2019, had failed re-enroll in any Guam school, had failed to make any payments towards his court fine of $1,000.00, had failed to make any payments towards his court costs of $80.00, had failed to check in at CSFC for intake and assessment, had failed to check in at New Beginnings for a drug and alcohol assessment, had failed to complete his mandatory 200 hours of community service. On June 2, 2020, the Court issued a Warrant of Arrest. On April 22, 2024, nearly four years later, Defendant was apprehended by the Guam Police Department incidental to his arrest for a charge of Driving While Impaired. Defendant was committed to DOC on the same day.

On August 21, 2024, the Court held a Return of Warrant ("ROW") hearing, at which the People stated that they would review the case for revocation, and requested a remand and bail of $5,000.00. The Court set bail at $5,000.00 and scheduled a revocation hearing for December 12, 2024. At the December 12, 2024 hearing, no attorney from the Office of the Attorney General ("OAG") appeared to represent the People, and the Court continued the matter to January 23,

2025. At the January 23, 2025, Assistant Attorney General David Griffin appeared and apologized for the OAG's previous absence, stating that he was unsure why no attorneys were present at the last hearing. Attorney Griffin then requested a two (2) week continuance. Defense counsel asked that Defendant be given a chance to complete the terms of his probation, and the People did not oppose giving Defendant a second chance, albeit with stricter probate conditions. However, the Court noted that, in the four years since Defendant accepted the plea agreement, he had done absolutely nothing to fulfill the terms of his probation. The Court then ordered the Motion to Revoke to be filed no later than February 6, 2025, cautioning that the OAG would be sanctioned $1,000.00 per day if the motion was not filed on time, and ordered Defendant's opposition to be filed no later than February 20, 2025.

On January 28, 2025, the People filed the instant Motion to Revoke, based on Defendant's failure to follow the conditions of his probation. On February 20, 2025, Defendant filed his opposition, arguing that revocation would not satisfy the ends of justice because he was allegedly compelled to abandon the terms of his probation due to the COVID-19 pandemic and lockdown, and that he is now employed full-time and has family support to help him fulfill the terms of his probation. Defense counsel further argued that Defendant had only one violation and only one new case in the six years since this case was opened.

On March 6, 2025, the Court took the matter under advisement.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1) upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may

summon the offender to appear before it or may issue a warrant for his arrest[, and] ...

(2)     the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial, court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.*

Defendant's violation of the conditions of his probation is uncontested. Therefore, the only question left before the Court is to determine if the violation warrants revocation.

The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation. *Id.*; *People v. Manila*, 2005 Guam 6 ¶ 13. Upon reviewing the record, the Court notes Defendant's immediate and total failure to comply with his probation conditions upon release and evasion of arrest for more than four (4) years. Now, after being arrested for an incident in which Defendant violated even more of the terms of his probation, Defendant now requests that the Court deny the Motion to Revoke and give him more time to complete the terms of his probation. However, the Court gave Defendant three years to fulfill the terms of his probation, and Defendant did absolutely nothing for nearly four years, even when he allegedly had gotten his life together. Further, Defendant did not just violate one or two provisions of his probation. He violated seven, nearly all of them. He has allegedly held two jobs since 2019 yet has paid no fine nor restitution. He alleges that he now has a support structure that will allow him to check in with Probation, but even with such support in place, he made no

effort to check in with Probation and explain himself. In the face of all this, the Court finds it difficult to accept that, given another chance, Defendant will fulfill his probation in a timely manner.

Thus, considering Defendant's flagrant noncompliance with the terms of his probation, and his lengthy avoidance of the Court's warrant, the Court finds that revocation will best satisfy the ends of justice and the best interests of the public in this case, as Defendant has shown that he is not interested in complying with the terms of his probation.

Upon review by the Court, Defendant is no longer a good candidate for probation. The complete disregard of his probation terms notwithstanding, and the length of time for which Defendant evaded the Court's orders, give the Court sufficient proof that Defendant cannot be counted on to avoid antisocial activity. Again, he is simply no longer a good candidate for probation, probation being a favor granted by the state, not a right to which Defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. Defendant's probation is hereby **REVOKED** and, pursuant to the terms of the Plea Agreement, Defendant is sentenced to five (5) years of incarceration at the Guam Department of Corrections with credit for time served.

**SO ORDERED** ___JUN 1 7 2025___.

**SERVICE VIA E-MAIL**

i acknowledge that an electronic Copy of the original was e mailed to

*AG , PDSC*

Date *6/17/25* Time *5:08pm*

*Albert C. bler*

Deputy clerk , Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**